IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL D. FRITZ,<br><br>                Petitioner,<br><br>    vs.<br><br>WARDEN,<br><br>                Respondent. | No. 2:17-cv-00263-JKS<br><br>MEMORANDUM DECISION |

Jamal D. Fritz, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Fritz is in the custody of the California Department of Corrections and Rehabilitation and incarcerated at California Health Care Facility, Stockton. Respondent has answered, and Fritz has not replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

On November 20, 2014, Fritz was charged with molesting a child under 18 with a prior sex conviction (Count 1); unlawful sexual intercourse (Count 2); and misdemeanor obscene matter (Count 3). The information also alleged that Fritz had three prior strikes based on his 2001 felony convictions for attempted forcible rape, forcible oral copulation, and sodomy by use of force. At the conclusion of a bench trial, the trial judge found Fritz guilty as charged and also found true the three prior strikes. The trial court sentenced Fritz to a term of 25 years to life imprisonment plus three years for the three prior prison terms on Count 1, a concurrent 25 years to life imprisonment plus three years for the three prior prison terms on Count 2, and a concurrent six months' imprisonment on Count 3.

Through counsel, Fritz appealed his conviction, arguing that the trial court erred in imposing three enhancements because Fritz served the terms for the 2001 conviction consecutively and thus was subject to a single consecutive term of prior imprisonment. Respondent agreed that the trial court's sentence was erroneous. The Court of Appeal unanimously modified the judgment to strike the two additional one-year sentences on each felony count (Counts 1 and 2) and affirmed the judgment as modified in a reasoned, unpublished opinion issued on July 20, 2016. *People v. Fritz*, No. C079871, 2016 WL 3950697, at *1 (Cal. Ct. App. July 20, 2016).

While his direct appeal was pending, Fritz filed in the California Superior Court two *pro se* petitions for habeas relief in which he argued that appellate counsel was ineffective for failing to raise on direct appeal claims that: 1) the trial court judge should have recused himself; and 2) his conviction is invalid because it was obtained through the use of inadmissible hearsay. The Superior Court denied both petitions on the ground that his direct appeal was currently pending, and that issues with his appointed appellate attorney's performance should be raised in the Court of Appeal.

Again proceeding *pro se*, Fritz filed a habeas petition in the Court of Appeal that alleged that the trial court judge was biased and that he should have recused himself from Fritz's case. The Court of Appeal denied the petition without comment. Fritz raised the same claims in a *pro se* habeas petition in the California Supreme Court. The Supreme Court summarily denied relief on October 12, 2016.

Fritz then timely filed a Petition for a Writ of Habeas Corpus in this Court on December 3, 2016. Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1),(2).

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Fritz argues that: 1) "no alleged victim testified at [his] court trial;" 2) his conviction was obtained through the use of false and perjured testimony; and 3) the trial judge was biased against him and should have recused himself from Fritz's case.

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2).  A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result.  *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."  *Id.* at 412.  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.  *Early v. Packer*, 537 U.S. 3, 10 (2002).  Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"  *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

3

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Fritz has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no evidence

offered to contradict the allegations of the return, the court must accept those allegations as true. *See Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

## IV. DISCUSSION

Ground 1.        *Corpus Delecti Claim*

Fritz first states that "NO 'alleged' victim testified at [his] court trial." He lists as facts supporting this claim, "Alleged victim never came to tr[ia]l, nor made any allegations against [Fritz]. [Fritz] has the right to confront any and all accusers." Docket No. 1 at 5.

California law requires that, "[i]n every criminal trial, the prosecution must prove the *corpus delecti*, or the body of the crime itself—*i.e.*, the fact of injury, loss, or harm, and the existence of a criminal agency as its cause." *People v. Alvarez*, 46 P.3d 372, 375 (Cal. 2002). Generally, the *corpus delicti* rule requires a defendant's confession be corroborated by some independent evidence in order to serve as the basis for a conviction. *United States v. Lopez-Alvarez*, 970 F.2d 583, 589 (9th Cir. 1992). Only a slight or prima facie showing, permitting the reasonable inference that the crime was committed, is required. *People v. Ray*, 914 P.2d 846, 862 (Cal. 1996). As explained in *Alvarez*, "once the necessary quantum of independent evidence is present, the defendant's extrajudicial statements may then be considered for their full value to strengthen the case on all issues." *Alvarez*, 46 P.3d at 377.

The record reflects that defense counsel raised at the pre-trial conference his concern that the issue of *corpus delecti* would be implicated at Fritz's trial because the alleged victim would not be testifying against Fritz. Docket No. 15 at 122-23. The prosecutor stated his belief that the People intended to rely on more than just Fritz's extrajudicial statements as proof as to all

charged counts, and the Court stated that it would consider the matter after all evidence had been presented.  *Id.* at 123-24.  At the close of evidence, the Court ruled:

> [T]he Court . . . finds that there certainly is enough for reasonable inference there based on everything the prosecution has presented.  And that would be all of the evidence beyond [Fritz's] statements, specifically including, but not limited to, the aunt's testimony, the grandmother's testimony, the pictures, the audio by way of the transcript of the conversations, which means of course a two-way conversation, not just [Fritz] but also . . . the alleged victim[] and the text messages.
> 	[T]he Court finds more than enough with regard to foundationally looking at where the messages were going and who they were going to and from in the [cell phone record] report, and the phone numbers do appear to be authenticated based on the evidence presented.
> 	The bottom line is that beyond [Fritz's] statements, . . . for the *corpus* issue, the Court does find with a reasonable inference for those statements to come in and not be excluded under *corpus*.

Docket No. 15 at 196.

Fritz appears to argue here, as he did on state habeas review, that the trial court erred in its ruling on the *corpus delecti* issue.  But the California Supreme Court has stated that the *corpus delecti* requirement that some independent evidence support a defendant's extrajudicial statement is a matter of state law.  *Alvarez*, 46 P.3d at 379 ("It is undisputed that the corpus delecti rule is not a requirement of federal law . . . .").  Thus, to the extent that Fritz alleges purely a violation of California's *corpus delecti* law, his claim is not cognizable on federal habeas review.  *See Swarthout*, 562 U.S. at 219 (federal habeas relief is generally not available for alleged errors of state law).

The Court may discern that Fritz argues that there was insufficient evidence to sustain his conviction due to a lack of *corpus delecti*.  As articulated by the Supreme Court in *Jackson*, the federal constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010) (reaffirming this standard). Fritz does not, and indeed cannot, cite to any authority for the proposition that the application of state *corpus delicti* rule is constitutionally mandated in a *Jackson* analysis. Although the *corpus delicti* rule is applied in federal criminal cases, *see Wong Sun v. United States*, 371 U.S. 471, 489 (1963), the U.S. Supreme Court has not held that it is a requirement under the U.S. Constitution. Authority of sister circuits has confirmed this. *See, e.g.*, *Evans v. Luebbers*, 371 F.3d 438, 442 (8th Cir. 2004) (concluding that claim alleging violation of Missouri's *corpus delicti* requirement was not cognizable on federal habeas review); *West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996) (stating that,"in challenges to state convictions under 28 U.S.C. § 2254, only *Jackson* need be satisfied, even if state law would impose a more demanding standard of proof"). Under *Jackson*, this Court's role is simply to determine whether there is any evidence, if accepted as credible by the trier of fact, sufficient to sustain conviction. *Schlup v. Delo*, 513 U.S. 298, 330 (1995). The evidence presented here, which includes Fritz's statements as well as the testimony of the aunt and grandmother, the pictures, the transcript of conversations and text messages, was more than sufficient to satisfy *Jackson*.

Moreover, Fritz fails to show that the state court's interpretation of the *corpus delicti* law was arbitrary or capricious, *see Richmond v. Lewis*, 506 U.S. 40, 50 (1992), or that it was "untenable or amount[ing] to a subterfuge to avoid federal review of a constitutional violation," *see Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989). Thus, even if clearly-established federal law protected Fritz from conviction without *corpus delicti*, he has not shown

7

that the state court erred, or that its decision was "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." *See id.*; *see also Venegas v. Davey*, No. 1:11-cv-01652, 2014 WL 2042057, at *14 (E.D. Cal. 2014) (dismissing *corpus delecti* claim, explaining that federal habeas corpus court was bound by the state court's interpretation of the state's *corpus delicti* rule unless that interpretation was untenable or an attempt to avoid review of federal questions). Accordingly, Fritz is not entitled to relief on this ground in any event.

Ground 2.  *False Evidence/Perjured Testimony*

Fritz alleges in this ground that a "jailhouse informant lied under oath about his convictions at [Fritz's] trial and lied about making a deal with [the District Attorney's] office in exchange for testimony." Docket No. 1 at 5. At trial, Christopher Vasquez testified that he was housed with Fritz at the Tehama County Jail in September 2014. According to Vasquez, Fritz told him that he had a pregnant 17-year-old girlfriend and that Fritz had lied to his parole officer about the nature of their relationship by telling the officer that Fritz was dating his girlfriend's mother. The record reflects that, after Fritz testified to his prior felony convictions, the parties stipulated to Vasquez's criminal history. The record further indicates that Fritz testified that he had not been promised anything in exchange for his testimony at trial.

Fritz contends that Vasquez perjured himself as to his criminal history and his denial of a promise in exchange for his testimony. "[T]he [Supreme] Court has consistently held that a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103 (1976) (footnotes omitted). The essential elements of such successful claim are that (1) the testimony is false or perjured, (2) the

8

prosecutor knew that the testimony was false or perjured, and (3) the false testimony was material. *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (en banc); *see Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Murtishaw v. Woodford*, 255 F.3d 926, 959 (9th Cir. 2001).

Although the prosecutor has a duty to refrain from knowingly presenting perjured testimony, *United States v. Geston*, 299 F.3d 1130, 1135 (9th Cir. 2002), the record does not support Fritz's contention that the prosecution knowingly introduced perjured testimony. Indeed, Fritz has failed to show by way of admissible, competent evidence that Vasquez perjured himself at trial. This lack of evidentiary support is fatal to his claim. *Woodford v. Visciotti*, 537 U.S. 19, 15 (2002) (*per curiam*) (holding that state habeas petitioner carries the burden of proof). Petitioner's bare and conclusory allegations are manifestly insufficient to warrant habeas corpus relief. *Jones v. Gomez*, 66 F.3d 199, 204–05 & n. 1 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Fritz's perjury claim therefore fails.

Ground 3.      *Judicial Bias/Grounds for Recusal*

Finally, Fritz claims that he did not receive a fair trial because the trial judge was biased against him. According to Fritz, he "went to jail on [a] parole violation, [the] same judge who presided over the violation was in fact the trial judge and sentencing judge" in the underlying case. Docket No. 1 at 5.

The Due Process Clause guarantees a criminal defendant the right to a fair and impartial judge.[1] *See In re Murchison*, 349 U.S. 133, 136 (1955). Indeed, the Supreme Court has

---

[1] California Code of Civil Procedure §170.1(a)(6)(A) also provides that:

A judge shall be disqualified if any one or more of the following are true:
. . .
(i)     The judge believes his or her recusal would further the interests of justice.

9

recognized that "the right to an impartial judge [is] among those 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.'" *Greenway v. Schriro*, 653 F.3d 790, 805 (9th Cir. 2011) (quoting *Chapman v. California*, 386 U.S. 18, 23 (1967)).

But a petitioner claiming judicial bias must overcome a "presumption of honesty and integrity" on the part of the judge. *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Moreover, a claim of judicial bias based on improper conduct by a state judge in the context of federal habeas review does not simply require that the federal court determine whether the state judge's conduct was improper; rather, the question is whether the state judge's conduct "rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution." *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995) (citations omitted).

Even broadly construing the need to avoid the appearance of impropriety, Fritz fails to present evidence suggesting that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Herrington v. Sonoma Cnty.* 834 F.2d 1488, 1502 (9th Cir. 1987) (citation omitted). As the Ninth Circuit has recognized, the Supreme Court has found the appearance of bias, rather than the demonstration

---

(ii) The judge believes there is a substantial doubt as to his or her capacity to be impartial.
(iii) A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial.

CAL. CODE CIV. PROC. § 170.1(a)(6)(A).

However, to the extent that Fritz claims that the judge violated state law by failing to recuse himself, Fritz is not entitled to habeas relief on any such claim. Again, federal habeas relief is available only for violations of the Constitution, treaties or laws of the United States. *See* 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.").

10

of actual bias, sufficient to require recusal in only a few limited circumstances. *Greenway*, 653 F.3d at 806; *Crater v. Galaza*, 491 F.3d 1119, 1131 (9th Cir. 2007). "First, due process requires recusal of a judge who 'has a direct, personal, substantial pecuniary interest in reaching a conclusion against [one of the litigants].'" *Crater*, 491 F.3d at 1131 (quoting *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)). "Second, due process requires recusal if a judge becomes 'embroiled in a running, bitter controversy' with one of the litigants." *Id.* (quoting *Mayberry v. Pennsylvania*, 400 U.S. 455, 465 (1971)). "Third, due process requires recusal if the judge acts as 'part of the accusatory process.'" *Id.* (quoting *In re Murchison*, 349 U.S. 133, 137 (1955)). More recently, the Court held in a case where one litigant was a large donor to the judge's election campaign that recusal was required when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Greenway*, 653 F.3d at 806 (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009)).

In this case, Fritz's "claim does not suggest any possible connection of the trial judge to his case that approaches the prior involvement of the judges in *Tumey, Murchison, Mayberry ,* or *Caperton*." *Greenway*, 653 F.3d at 807 (rejecting judicial bias claim where judge had worked with victims' family member for a few months 18 years before the trial). In his Petition, Fritz states that the trial judge had presided over a prior parole violation case and had previously sent him to jail. Fritz provides no support for that assertion, but even assuming its truth, the fact that judge adversely ruled against him in a prior proceeding is manifestly insufficient to warrant relief here.[2] The Ninth Circuit has repeatedly recognized that adverse rulings alone are

---

[2] Notably, Fritz was charged with sexual offenses based on the same actions and with the same victim that resulted in his parole revocation. He does not appear to argue, however, that the trial judge, in presiding over his parole revocation, learned adverse information

11

insufficient to demonstrate judicial bias. *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 1995); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712-13 (9th Cir. 1993); *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1980); *see also Liteky v. United States*, 510 U.S. 540, 556 (1994) ("All of these grounds are inadequate under the principles we have described above: They consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses. All occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible."); *Johnson v. Mitchell*, 585 F.3d 923, 945-46 (6th Cir. 2009).

The record also reflects that, at the pre-trial conference, the trial judge stated that "the alleged victim in this matter is the daughter of a person I represented in an unrelated manner many years ago." He further stated that, "I don't know the victim, I have no idea what her situation is. I did represent, apparently, the victim's mother and I think it was upwards of ten years ago, in an unrelated matter, a family law matter. As I said before, it would not be grounds for my recusal." Fritz, however, provides no evidence that would support an inference that the trial judge's tenuous relationship to the victim constituted an improper conflict of interest. Again, this lack of evidentiary support is fatal to this claim. *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002) ("self-serving statement" insufficient to raise claim for relief).

Because Fritz offers only pure speculation for his contention that the judge's prior professional relationship with the victim's mother and his alleged involvement in a prior case

---

that would have been inadmissible at his later trial and that prejudiced that later trial.

against Fritz biased that judge against Fritz, he fails to demonstrate either actual bias or even an appearance of impropriety and is not entitled to habeas relief on this claim.

## V. CONCLUSION AND ORDER

Fritz is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: August 25, 2020.

                                                         /s/James K. Singleton, Jr.
                                                  JAMES K. SINGLETON, JR.
                                                  Senior United States District Judge